# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARROD GORDON, | CASE NO. 1:08-cv-00305-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| C.O. WELCH, et al., | |
| Defendants. | |
| _____ / | (Doc. 1) |

### Screening Order

Plaintiff Jarrod Gordon is a state prisoner, proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action March 3, 2008.  Plaintiff consented to jurisdiction of a U.S. Magistrate Judge on March 26, 2008.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to § 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

3  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

4  and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ.

5  P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

6  claim is and the grounds upon which it rests."  Swierkiewicz, *supra*, 534 U.S. at 512.  A court

7  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

8  that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

9  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

10  the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

11  unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting*

12  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171

13  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the

14  claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001).  However, "the

15  liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitzke v.

16  Williams, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint

17  may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l

18  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673

19  F.2d 266, 268 (9th Cir. 1982).

20  **II.**     **Plaintiff's Claim**

21       **A.**     **Summary of Complaint**

22       Plaintiff, who is presently incarcerated at the California Substance Abuse Treatment

23  Facility ("SATF"), seeks monetary and injunctive relief for injuries (medical deterioration)

24  experienced while he was briefly incarcerated at North Kern State Prison ("NKSP").  Plaintiff, an

25  Americans with Disabilities Act inmate, is partially paralyzed as a result of a spinal gunshot

26  wound incurred prior to his tenure at NKSP.  A December 2006 Disability Placement Program

27  Verification identified Plaintiff as mobility impaired, requiring a left leg brace, level terrain and

28

1  no stairs, and a lower bunk.  The examining physician noted Plaintiff's "antalgic gait"[1] and "poor

2  tolerance for walking."

3  Nonetheless, upon arrival at NKSP on January 7, 2007, he was assigned an upper bunk.

4  Climbing in and jumping out of bed caused severe back pain and numbness in his right foot.

5  Although he was promised an accommodation, none was made for two months, allegedly due to

6  overcrowding.  Plaintiff's physical condition deteriorated.

7  Plaintiff names as defendants the correctional officers who threatened Plaintiff with

8  disciplinary action if he refused to "lock up" in his assigned cell: Welch, Person, Huerra, Gorey,

9  Bievlve, and Smallie.  Although an unnamed "warden" is included in the caption, the complaint

10  neither identifies, nor sets forth any claims against, the warden.

11  **B.     Eighth Amendment Claim: Deliberate Indifference to Serious Medical Need**

12  Although the complaint does not identify a constitutional basis for Plaintiff's claim,

13  Plaintiff appears to allege that the Defendants were deliberately indifferent to his serious medical

14  needs, in violation of the Eighth Amendment.

15  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

16  inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

17  1091, 1096 (9th Cir. 2006), *quoting* Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The two-part

18  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

19  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

20  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

21  was deliberately indifferent."  Jett, *supra*, 439 F.3d at 1096, *quoting* McGuckin v. Smith, 974

22  F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104

23  F.3d 1133, 1136 (9th Cir. 1997) (en banc) (*internal quotations omitted*).  Deliberate indifference

24  is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need,

25  and harm caused by the indifference."  Ibid.  Deliberate indifference may be manifested "when

27/28  [1] An antalgic gait is a manner of walking in which the patient shortens his gait on the side of his body on which he feels pain upon bearing weight.  Stedman's Medical Dictionary 722 (27th ed. 2000).  In short, Plaintiff limps, favoring the more painful side of his body.

3

1    prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown

2    by the way in which prison physicians provide medical care." Ibid. (*internal quotations omitted*).

3    Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to

4    further harm in order for the prisoner to make a claim of deliberate indifference to serious

5    medical needs. McGuckin*, supra*, 974 F.2d at 1060, *citing* Shapely v. Nevada Bd. of State

6    Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

7          Here, the correction department's own physician and health care manager recognized and

8    documented Plaintiff's disability, granted him ADA status, and identified the accommodations

9    necessary to address the disability.  The required accommodations were relatively modest: level

10   terrain, no stairs, a left leg brace, and assignment to a lower bunk.  Nonetheless, the Defendants

11   not only failed to provide the prescribed accommodations, they threatened Plaintiff with

12   disciplinary action when he sought to demonstrate his need for a lower bunk.  Accordingly,

13   Plaintiff has set forth a cognizable claim for deliberate indifference to serious medical needs.

14         **C.    Claim Against Warden**

15         Plaintiff includes the warden within the caption but fails to set forth his claim(s) against

16   the warden in the body of his complaint.  If Plaintiff elects to amend his complaint to set forth

17   his claim(s) against the warden, as he is permitted to do by this order, Plaintiff is reminded that

18   supervisory personnel are generally not liable under § 1983 for the actions of their employees

19   under a theory of *respondeat superior*.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  For

20   defendants in supervisory positions, a plaintiff must specifically allege a causal link between

21   each defendant and his claimed constitutional violation.  *See* Fayle v. Stapley, 607 F.2d 858, 862

22   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941

23   (1979).  To state a claim for relief for supervisory liability, Plaintiff must allege facts indicating

24   that the warden either personally participated in the alleged deprivation of Plaintiff's

25   constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or

26   "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights'

27   and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646

28   ///

1   (9th Cir. 1989) (*internal citations omitted*); <u>Taylor</u>, *supra*, 880 F.2d at 1045.  Because Plaintiff's

2   complaint does not do so, it fails to state a cognizable claim against the warden.

3   **III.      Conclusion and Order**

4            Plaintiff's complaint states a claim under the Eighth Amendment against

5   Defendants Welch, Person, Huerra, Gorey, Bievlve, and Smallie for deliberate indifference

6   to serious medical needs, but fails to establish a cause of action against the Defendant

7   Warden.  This Court will provide Plaintiff with the opportunity to file an amended

8   complaint curing the deficiency identified in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446,

9   1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

10  unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir.

11  2007) (no "buckshot" complaints).

12           If Plaintiff does not wish to file an amended complaint and is agreeable to

13  proceeding only on his claims against Defendants Welch, Person, Huerra, Gorey, Bievlve,

14  and Smallie, Plaintiff may so notify the Court in writing, and the Court will issue a

15  recommendation for dismissal from this action of Plaintiff's claim against Warden.  The

16  Court will then forward to Plaintiff six summonses and six USM-285 forms for

17  completion and return.  Upon receipt of the completed forms, the Court will direct the

18  United States Marshal to initiate service of process on Defendants Welch, Person, Huerra,

19  Gorey, Bievlve, and Smallie.

20           If Plaintiff elects to file an amended complaint, Plaintiff is advised that an

21  amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d

22  1467, 1474 (9th Cir. 1997), <u>aff'd</u>, 525 U.S. 299 (1999); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

23  (9th Cir. 1987), and must be "complete in itself without reference to the prior or

24  superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action

25  alleged in an original complaint which are not alleged in an amended complaint are

26  waived."  <u>King</u>, *supra*,  814 F.2d at 567; *accord* <u>Forsyth</u>, *supra*, 114 F.3d at 1474.

27  ///

28  ///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a cause of action against Defendant Warden;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Welch, Person, Huerra, Gorey, Bievlve, and Smallie on his Eighth Amendment claim of deliberate indifference to serious medical needs;

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.


IT IS SO ORDERED.

**Dated:    July 23, 2009**                          _____/s/ **Gary S. Austin**_____
                                                             UNITED STATES MAGISTRATE JUDGE