1
2
3
4
5
6
7
8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

11 JARROD GORDON,                                   1:08-cv-00305-LJO-GSA-PC

12                          Plaintiff,             ORDER FOR PLAINTIFF TO SHOW CAUSE
                                                   WHY DEFENDANTS WELCH, HUERRA,
13        v.                                       AND BIEVLVE SHOULD NOT BE
                                                   DISMISSED FOR FAILURE TO PROVIDE
14 WELCH, et al.,                                  INFORMATION SUFFICIENT TO EFFECT
                                                   SERVICE
15
                         Defendants.               (Doc. 16.)
16
                                                   THIRTY DAY DEADLINE
17
   _____/
18

19 **I.     BACKGROUND**

20        Jarrod Gordon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

21 this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 3, 2008.

22 (Doc. 1.)  This case now proceeds on the original Complaint, against defendants C/O Welch, C/O

23 Person, C/O Huerra, C/O Gorey, C/O Bievlve, and C/O Smallie, for deliberate indifference to

24 Plaintiff's serious medical needs in violation of the Eighth Amendment.  Id.

25 **II.    SERVICE BY UNITED STATES MARSHAL**

26        On August 8, 2009, the Court issued an order directing the United States Marshal to

27 initiate service of process upon defendants in this action.  (Doc. 14.)  All of the defendants were

28 successfully served except C/O Welch, C/O Huerra, and C/O Bievlve.

Pursuant to Rule 4(m),

[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed.R.Civ.P. 4(c)(2). "'[A]n incarcerated prose plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify defendants C/O Welch, C/O Huerra, and C/O Bievlve and locate the defendants for service of process. (Doc. 16.) If Plaintiff is unable to provide the Marshal with additional information, defendants C/O Welch, C/O Huerra, and C/O Bievlve shall be dismissed from the action, without prejudice.[1] Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why

///

---

[1] If Plaintiff is unable to provide a full name for a defendant, he must provide alternate information – such as a partial name, title, gender, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendant for service. If Plaintiff is unable to provide a current address for a defendant, he must provide any other available information to enable the Marshal to locate the defendant.

defendants C/O Welch, C/O Huerra, and C/O Bievlve should not be dismissed from the action at this time.

**III.    CONCLUSION**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendants C/O Welch, C/O Huerra, and C/O Bievlve should not be dismissed from this action;

2.    The failure to show cause will result in the dismissal of defendants C/O Welch, C/O Huerra, and C/O Bievlve from this action; and

3.    Plaintiff's failure to respond to this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:      **September 14, 2010**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE